# CHARLESTON.

## STATE *v.* LOWE.

Submitted January 16, 1906.    Decided March 6, 1906.

1. TAXATION—*Sale by State—Redemption—Contest.*

    In a suit by the State to sell land as forfeited in the name of a certain owner, if another adverse claimant resists redemption asked by the owner of the forfeited land, on the ground that it is

within his land, held under an older grant from the State, the burden of proof rests on such contestant of redemption to prove that the land of the person asking redemption lies within the bounds of his land. (p. 264.)

Appeal from Circuit Court, Wayne County.

Bill by the State against Mary C. Lowe and others. Decree for the State and E. W. Clark and others appeal.

*Affirmed.*

Vinson & Thompson, for appellants.

Campbell, Heffley & Davis and William Fry, for the the State.

Brannon, Judge:

The State filed a bill in the circuit court of Wayne county for the sale of a tract of 500 acres of land conveyed to M. J. Ferguson as forfeited for non-entry on the tax books, stating that the tract was claimed by the Guyandotte Coal Land Association, and claimed also by William Fry. Clark and others as trustees for said association filed an answer denying forfeiture of the tract, and setting up title to it. The trustees claimed the 500 acres as included in a tract of 31,000 acres, patented to Samuel Smith, 29th of June, 1797 which vested in said trustees by regular chain of conveyances from said patentee. William Fry filed a petition asserting that the 500 acres was granted by Virginia, by patent, 1st August, 1857, to Milton J. Ferguson and Hurston Spurlock, and that he was the owner by regular chain of conveyances from the patentees, and admitting forfeiture of the 500 acres, and praying to be allowed to redeem the land from such forfeiture. The grant to Smith was an inclusive grant, that is, there was included within its exterior bounds, and excepted from its operation, 24,502 acres in addition to the 31,000 acres. A decree was entered allowing Fry to redeem, from which the trustees appeal.

The question is whether Fry showed a good title to redeem under that clause of section 16, chapter 105, Code, demanding of a redeemer full and satisfactory proof that "at the time the title to said land vested in the state the said former owner had a good and valid title thereto, legal or equitable, superior to any other claimant thereof." *State* v. *Jackson,*

56 W. Va. (point 7), p. 558. The trustees resist redemption of the Fry land by saying that the Fry land is covered by the Smith grant, the elder grant, and that Fry has not good title. On which side of this contest between Fry and the trustees lies the burden of proof? Must Fry prove that his tract does not lie inside the Smith grant? Or must the trustees prove, that Fry's tract lies inside the Smith grant? Fry having shown title from the State, admitted, as an agreed fact, to be a title superior to any other, if it does not lie inside the older Smith grant, has shown right to redeem, unless his land is covered by the Smith grant. The trustees resist this redemption. They must defeat this right of redemption. If their right does not defeat redemption, it must be granted. We hold that the trustees must locate both the Smith grant and the Fry land, as without so doing it cannot be found that the Smith grant covers the Fry land. If the contest were between the State and the trustees; if the trustees were resisting the sale of the 500 acres as forfeited land because they had the better title, they must show it by proving that their title covers the 500 acres. It is the same title which the state seeks to sell that Fry seeks to redeem, and thus it seems that the trustees, to defeat redemption, must prove what they would have to prove to defeat a sale. If the trustees were suing Fry in ejectment, they would have to show that his land lies within their grant. The trustees are resistants of redemption. Can they resist this plain right without showing cause against it? They argue that the statute demands that Fry show valid title in order to redeem; that he asserts good title, and holds the affirmative position. The answer is, that Fry has shown a grant from the fountain of title, the state, clearly good unless a better one is shown. Besides, it is an agreed fact that this grant confers a title superior to any other, unless it is included in the Smith grant. He who would defeat the right of redemption must show that Fry's land does lie within the Smith grant.

The burden thus resting on the trustees to identify and locate both tracts, they have utterly failed to do so. They prove not one corner monument of the Smith survey or line monument. Not a tree, corner or line tree, is proven as

belonging to the survey.	Not a witness says that he ever tested or even looked upon a tree marking this old survey.	Not a word from the lips of an old man, living or dead, who saw or knew of any corner or line tree, or other monument is proven.	No tree or monument is shown to bear a reputation as a corner to the survey.	No word from any one having peculiar means of knowledge, or interest in knowing the boundary, is shown. . Not even hearsay is proven.	Two witnesses say the 500 acres lies within the Smith grant; but when cross-examined they so understand from some maps, modern ones, made by the trustees showing what lands they held or claimed, for the purpose of taxation.	Of course, they were not admissible, because self-serving and hearsay, and for other reasons.	When the witnesses referred to were asked whether they, of their personal knowledge, knew the 500 acres to be within the land claimed by the trustees, they answered "No."	In short, the only two witnesses of the trustees do not pretend to know, as a matter of fact, the location of the old survey of Smith. The same may be said as to the 500 acres.	There is a total failure to locate the tracts.	This location is a necessity.	He who sues for land must locate its bounds on the ground.	*Logan* v. *Ward*, (52 S. E. 398,) 58 W. Va. 366.	This ends the case.	It is useless to discuss the question whether, if the 500 acre tract were shown to be inside the exterior bounds of the Smith grant, the burden would lie on Fry or the trustees to prove that it is, or is not, within the land excluded by the Smith grant for prior claims.

We, therefore, affirm the decree allowing the redemption to have such force as the law gives it.

*Affirmed.*